**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

KELLY TRACHT LLC,
a Florida Limited Liability Company,

        Plaintiff,                                   CASE NO. 9:17-CV-80434-KAM

v.

DAZZLE UP, LLC d/b/a
SIMPLY SOUTHERN, a North Carolina
Limited Liability Company, and
VIRGINIA AYDOGDU, an individual,

        Defendants.
_____/

**DEFENDANTS' MOTION TO ENLARGE THE TIME
FOR THIRD-PARTIES TO RESPOND TO PLAINTIFF'S SUBPOENAS**

Defendants Dazzle Up, LLC and Virginia Aydogdu respectfully move for an extension of time of the deadlines contained in 22 non-party subpoenas issued by Plaintiff Kelly Tracht, LLC.

**Summary**

Plaintiff has issued 25 third-party subpoenas, 14 of which are due on August 24, 2017. Defendants asked Plaintiff to confer regarding Defendants' objections to the subpoenas on August 11, almost two weeks before the maturation of the three-week deadline for Plaintiff's subpoenas. Plaintiff stated that it could not confer until August 18, 2017, because one of Plaintiff's attorneys is on vacation. Because it is not feasible for the dispute to be resolved before the subpoenas become due, Defendants requested an extension to accommodate the delay caused by opposing counsel's vacation. Plaintiff refused and, in essence, stated that it would only grant an extension of time to allow the parties to discuss the dispute if the defendants first prove the merits of their objections.

Defendants wish to avoid having to file a motion for a protective order or a motion to quash the subpoenas if the issue could instead be resolved by cooperation between counsel. Defendants have never denied Plaintiff's requests to extend or reschedule deadlines. Accordingly, Defendants respectfully request under Fed. R. Civ. P. 6(b)(1)(A) and 45(d)(3)(A)(i) that the Court modify the 22 non-party subpoenas attached in Exhibits A2-A4 so as to extend their deadlines by one week, allowing the parties additional time to resolve the dispute and to accommodate Plaintiff's counsel's vacation time.

**Facts**

On August 3, 8, and 9, Plaintiff served notice of a total of 22 non-party subpoenas, all directed to customers or business relations of Defendants. *See* Exhibits A1 through A4, Notices of

Non-Party Production with Attached Subpoenas.[1] Plaintiff had previously served two notices of third-party subpoenas on June 14. *Id*.

On August 8 Defendants produced documents in response to a previous request for production by Plaintiff. *See* Exhibit B, August 8 Email to Robert Thornburg. Plaintiff's counsel claimed that the documents were inaccessible. *See* Exhibit C, Emails Regarding Production Format. Defendants' counsel sent emails with detailed instructions on how to access the documents, and later agreed to produce the documents in a format to Plaintiff's specifications as soon as feasible. *See Id.*; Exhibit D, August 15 Email to Cameron Murphy. On August 11, counsel for Defendants emailed counsel for Tracht requesting a phone conference to discuss the third-party subpoenas. *See* Exhibit E, August 11, 2017 Email to Robert Thornburg. Defendants noted that the items sought in the third-party subpoenas were largely duplicative of the information contained in the documents that Defendants had already produced. Having received no response, on August 14 Defendants' counsel again emailed and asked to confer regarding the issue. *See* Exhibit F, August 14, 2017 Emails with Robert Thornburg. Plaintiff's counsel replied that because one of the attorneys representing Plaintiff was on vacation, the conference could wait until the next week. *Id*. Counsel for Defendants then requested a reciprocal one-week extension of the time for the subpoena recipients to comply, given that the proposed conference would fall on some unspecified day on the same week that many of the subpoenas required compliance. *Id*. *See also* Ex. A (containing 14 non-party subpoenas requiring compliance by August 24, 2017). Counsel for Plaintiff did not respond to the request, but instead asked to meet on August 18, 2017. *See* Ex. D.

---

[1] All fourteen subpoenas served on Defendants on August 8 state that compliance is due August 24, 201<u>5</u>. Defendants assume that Plaintiff corrected this error before serving the subpoenas upon the third-parties.

2

Defendants' counsel reiterated the request for an extension and Plaintiff's counsel then replied, stating that it was "reluctant" to agree to the extension because, according to counsel for Tracht, they could not access the production that Defendants had provided, and therefore could not assess the merits of Defendants' objections to the subpoenas. *See* Exhibit G, August 15 Reply from Cameron Murphy. Defendants' counsel then called counsel for Tracht and attempted to explain that the requested extension was merely temporary, and was only a necessity because of Tracht's counsel's own delay in conferring regarding the third-party subpoenas. Defendants' counsel also agreed to provide Plaintiff with all of Defendants' document production, converted into the format that Plaintiff specified. *See* Exhibit H, Reply from Fernando Alvarez-Perez. Counsel for Plaintiff then indicated that it would not even confer regarding the third-party subpoenas until its demands were met and later outright denied the extension. *See* Exhibit I, Email from Cameron Murphy.

On August 16, 2017, in response to Plaintiff's counsel's requests, Defendants' counsel provided all of the files in its production in the format that Plaintiff's counsel specified. *See* Exhibit J, Reformatted Production Email.

The discovery cutoff in this case is March 21, 2018. [ECF No. 20 at p.2].

**Argument**

Extending the third-party subpoena deadlines by one week would further the goal of proportionality by allowing the parties to confer and assess whether Defendants' many third-party subpoenas can be curtailed. This Court has the authority to extend any deadline for good cause when a request is made before the time for acting expires. *See* Fed. R. Civ. P. 6(b)(1)(A). The Court has additional authority to modify subpoenas on timely motion where the subpoena fails to allow a reasonable time to comply. *See* Fed. R. Civ. P. 45(d)(3)(A)(i). According to Chief Justice

3

John Roberts' 2015 *Year-End Report on the Federal Judiciary*, found in the amendments to Rule 26(b), the "key" to the concept of proportionality is that the parties have a "careful and realistic assessment of actual need:"

> The amended rule states, as a fundamental principle, that lawyers must size and shape their discovery requests to the requisites of a case. Specifically, the pretrial process must provide parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery. The key here is careful and realistic assessment of actual need.

Defendants have never denied any of Plaintiff's requests for extension or rescheduling. Defendants, for example, granted Plaintiff's request to reschedule mediation and five depositions that Plaintiff had set and also agreed to a two-week extension of time to respond to the motion to dismiss Plaintiff's Amended Complaint, even though Plaintiff provided no reason for the latter extension. *See* Exhibit K, Email Regarding Rescheduled Mediation and Depositions; Exhibit L, Motion to Dismiss Extension Email. Nor did Defendants refuse any extension based upon the fact that Plaintiff still has yet to produce a single document, beyond documents provided with initial disclosures, in response to Defendants' 60 requests for production. In fact, up until this dispute, the parties had amicably agreed to modify deadlines as the case needed.

Thus, it is all the more surprising that Plaintiff should now refuse to agree to a one-week extension prompted by their own unavailability. Plaintiff has not explained how a one-week extension would prejudice it. Defendants, in contrast, have explained to Plaintiff's counsel that without the extension, the parties would not be able to confer and, if the conference fails, brief the court before the August 24 due date for most of the subpoenas. *See* Ex. F; Ex. H. Defendants also

explained to Plaintiff's counsel that they had not taken reasonable steps to minimize the burden of production on the third-party subpoena recipients. *See* Ex. E; Exhibit M, Email from Daniel Dau. For example, Daniel Dau, a prior third-party subpoena recipient, made a full production to Plaintiff electronically before the subpoena deadline and asked Plaintiff's counsel whether he still had to appear with his documents at the location in the subpoena. *Id*. Mr. Dau, the subpoena recipient, received no reply from Plaintiff's counsel, showed up on the date requested, and produced the exact same set of documents again (Plaintiff's counsel did not attend). *Id*. Given these concerns, there is no reason why the deadline for responding to the remaining third-party subpoenas should not be modified to allow the parties to resolve their dispute.

Accordingly, Defendants respectfully request that the Court extend the deadlines contained in the subpoenas served on August 3, 8, and 9, 2017 be extended by seven days. A proposed order is attached.

The undersigned counsel certifies under Local Rule 7.1(a)(3) and this Court's June 26, 2017 Order Setting Discovery Procedure [ECF No. 21] that he has conferred in good faith with counsel for Plaintiff by an August 15, 2017 telephone conference as well as email exchanges, but has been unable to secure an agreement regarding the relief sought herein.

Dated: August 16, 2017

/s/ Fernando Alvarez-Perez
Florida Bar No. 0114186
E-mail: falvarez-perez@brookspierce.com
Brooks, Pierce, McLendon,
  Humphrey & Leonard, L.L.P.
P.O. Box 1800
Raleigh, NC 27602
Telephone: 919-839-0300
Facsimile: 919-839-0304

OF COUNSEL:
David W. Sar
N.C. Bar No. 23533
E-mail: dsar@brookspierce.com
Brooks, Pierce, McLendon,
  Humphrey & Leonard, L.L.P.
P.O. Box 26000
Greensboro, North Carolina 27420
Telephone: (336) 373-8850
*Admitted pro hac vice*

*Counsel for Defendants Dazzle Up, LLC and Virginia Aydogdu*

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2017 I electronically filed the foregoing document and electronically served the document on all counsel of record via the CM/ECF electronic notification system.

/s/ Fernando Alvarez-Perez
Fernando Alvarez-Perez

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KELLY TRACHT LLC,
a Florida Limited Liability Company,

       Plaintiff,                        CASE NO. 17-80434-CIV-MARRA

v.

DAZZLE UP, LLC d/b/a
SIMPLY SOUTHERN, a North Carolina
Limited Liability Company, and
VIRGINIA AYDOGDU, an individual,

       Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTION TO ENLARGE THE TIME
FOR THIRD-PARTIES TO RESPOND TO PLAINTIFF'S SUBPOENAS**

On August 16, 2017 Defendants Dazzle Up, LLC and Virginia Aydogdu filed a Motion to Enlarge the Time for Third-Parties to Respond to Plaintiff's Subpoenas.. The Court has reviewed Defendants' motion and other relevant portions of the record, and is otherwise fully advised in the relevant premises. Accordingly, the Court hereby **GRANTS** Defendants' motion for extension, and **ORDERS** that the following subpoena recipients' deadlines for responses be modified as follows:

[this space intentionally left blank]

7

| Name | Old Deadline | New Deadline |
|---|---|---|
| <ul><li>Artsy Abode, Inc.</li><li>Outdoor Life 4 Guys and Gals LLC</li><li>Ron Jon Surf Shop of Fla., Inc.</li><li>The Paper Store of Maynard, Inc.</li><li>Bealls, Inc.</li><li>Palmetto Moon, LLC</li><li>Simply Cute Tees, LLC</li><li>The Salty Mare, LLC</li><li>The Glik Company</li><li>Posh Mark, Inc.</li><li>Southern Fried Chics, LLC</li><li>Mast General Store, Inc.</li><li>Purple Door Boutique</li><li>The Lamp Stand, LLC</li></ul> | August 24, 2017 at 10:00 AM | August 31, 2017 at 10:00 AM |
| <ul><li>Etsy, Inc.</li><li>Pinterest, Inc.</li><li>Blooming Boutique, LLC</li></ul> | August 29, 2017 at 10:00 AM | September 5, 2017 at 10:00 AM |
| <ul><li>Salty Breeze of Amelia, LLC</li><li>Memory Makers, LLC</li><li>Prep Obsessed, LLC</li><li>Houser Shoes, Incorporated</li><li>Tervis Tumbler Company</li></ul> | August 30, 2017 at 10:00 AM | September 6, 2017 at 10:00 AM |

DONE, ORDERED, and ADJUDGED this _____ day of August, 2017.

William Matthewman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to: Counsel of Record