UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-80434-CIV-MARRA

KELLY TRACHT, LLC, a Florida limited
liability company,

Plaintiff,

vs.

DAZZLE UP, LLC, d/b/a SIMPLY SOUTHERN,
a North Carolina limited liability company, and
VIRGINIA AYDOGDU, an individual,

Defendants.
_____/

## **OPINION AND ORDER**

This cause is before the Court upon Defendants' Motion to Dismiss Plaintiff's Amended Complaint (DE 24). The Motion is fully briefed and ripe for review. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I. Background

Plaintiff Kelly Tracht, LLC ("Plaintiff") brings this four-count Amended Complaint (DE 14) for copyright infringement (counts one-three) and Florida common law unfair competition (count four) against Defendants Dazzle Up, LLC d/b/a Simply Southern ("Simply Southern") and Virginia Aydogdu ("Aydogdu") (collectively, "Defendants"). According to the Amended Complaint, the allegations of which the Court must accept as true, Plaintiff has promoted, marketed and sold her artwork, including twenty different expressions of colorful turtle images. (Am. Compl. ¶3.) Plaintiff has obtained copyrights for several of her turtle designs (Am. Compl. ¶¶25-38.) Plaintiff has widely marketed, advertised and published these designs and

consumers who seek colorful southern casual and tropical themed lifestyle imagery have come to know Plaintiff as the source of these designs. (Am. Compl. ¶¶39-40.)

Simply Southern makes, promotes and sells various lines of women's apparel and related accessories. (Am. Compl. ¶8.) Aydogdu is an owner, managing member, director and moving force behind Simply Southern. (Am. Compl. ¶14.) Within the past year, Defendants have launched a line of apparel and accessories under the name "Turtle Friends" that includes a print of turtles. (Am. Compl. ¶¶43-46.) These designs are substantially similar to Plaintiff's copyrighted works. (Am. Compl. ¶47.) Additionally, Defendants passed Plaintiff's works off as their own to usurp the goodwill and reputation of Plaintiff and its distinctive turtle imagery. (Am. Compl. ¶ 114.)

Defendants and Plaintiff sell goods at the same brick-and-mortar store. (Am. Compl. ¶13.) They also both sell on the Etsy website. (Am. Compl. ¶¶3, 12.) Plaintiff's Etsy page has 1,571 admirers and has resulted in 888 sales of twenty different expressions of its turtle image since 2012. (Am. Compl. ¶3.) Plaintiff uses other third-party websites and social media, such as Facebook,[1] Pinterest, Twitter and its own website for publishing and advertising, and the North Carolina Outer Banks Trading Group website for sales. (Am. Compl. ¶¶6-7, 39.)

Defendants move to dismiss the copyright claims on the basis that the Amended Complaint has not properly alleged copying due to the failure to allege access, striking similarity or direct copying. With respect to the common law unfair competition claim, Defendants contend that federal copyright law preempts this claim.

Plaintiff responds that the Amended Complaint alleges access through third-party

---

[1] Plaintiff's Facebook page has 6,186 followers. (Am. Compl. 56.)

concurrent dealings, widespread dissemination via North Carolina galleries, exhibitions and online, and Defendants' reasonable opportunity to view the works through social media. Plaintiff asserts that substantial similarity is established through visual comparison and written description.[2] Plaintiff also asserts that the unfair competition claim alleges the necessary "passing off" element.

In reply, Defendants state that they will not challenge substantial similarity at this stage of the proceedings. Instead, Defendants focus their reply memorandum on the requirement of access.

II. Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[2] Plaintiff's response memorandum does not argue that the works are strikingly similar.

defendant is liable for the misconduct alleged." Id. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

III. Discussion

To establish copyright infringement, a plaintiff must allege: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Singleton v. Dean, 611 F. App'x 671, 672 (11th Cir. 2015) (citing Beal v. Paramount Pictures Corp., 20 F.3d 454, 459 (11th Cir. 1994)). "To establish copying, the plaintiff must show that the defendant had access to the copyrighted work and that the two works are so 'substantially similar' that an average lay observer would recognize the alleged copy as having been appropriated from the original work." Id. (citing Calhoun v. Lillenas Publ'g, 298 F.3d 1228, 1232 (11th Cir. 2002)).

Access may be pled by alleging that the defendant had a "reasonable opportunity to view" the work at issue and "may not be inferred through mere speculation or conjecture." Herzog v. Castle Rock Entertainment, 193 F.3d 1241, 1249-50 (11th Cir. 1999). Access may be alleged, however, by demonstrating "widespread dissemination" of the work. See Olem Shoe Corp. v. Washington Shoe Corp., 591 F. App'x 873, 882 (11th Cir. 2015); Garden Meadow, Inc. v. Smart Solar, Inc., 24 F. Supp. 3d 1201, 1208 (M.D. Fla. 2014); Lassin v. Island Def Jam Music Group, No. 04-22320-CIV, 2005 WL 5632056, at * 5 (S.D. Fla. Aug. 9, 2005). It may also be alleged by showing that a third party, who had access to the copyrighted works, had concurrent dealings with both the defendant and the plaintiff. See PK Studios, Inc. v. R.L.R. Investments, LLC, No.

4

2:15-cv-389-FtM-99CM, 2016 WL 25917, at * 2 (M.D. Fla. Jan. 4, 2016); Dodd v. Woods, No. 8:09–CV–1872–T–27AEP, 2010 WL 2367140, at * 4 (M.D. Fla. May 14, 2010) (citing Jones v. Blige, 558 F.3d 485, 491 (6th Cir. 2009)).

With respect to concurrent dealings, the Amended Complaint alleges that Defendants and Plaintiff offer sale of goods at several of the same brick-and-mortar stores as well as the Etsy on-line retail site. (Am. Compl. ¶¶3-4, 12, 13, 15, 56, 120.) With respect to widespread dissemination, the Amended Complaint states that Plaintiff has marketed and sold twenty different expressions of the turtle images on Etsy since 2012, which has resulted in 888 sales and 1,571 admirers who follow the page. (Am. Compl. ¶3.) Plaintiff also uses other social media and third-party sites, including its own website, Facebook, Etsy and Pinterest, as well as the North Carolina Outer Banks Trading Group website. Additionally, Plaintiff's images are found through a Google image search using the term "preppy turtle." Finally, Plaintiff's works have also been exhibited at multiple art galleries throughout North Carolina. (Am. Compl. ¶¶6-7, 39, 56.) Based on these allegations, the Court concludes that Plaintiff has sufficiently alleged access.

Defendants contend, however, that the allegations only demonstrate a limited sale and distribution of Plaintiff's works, and fail to identify sale volume, revenue, duration or location of Plaintiff's goods. Defendants also argue that the Amended Complaint does not state how long the images in question were displayed at what galleries. (Mot. at 8.) The Court concludes that these arguments are more appropriate at the summary judgment stage, rather than at this early stage in the proceedings. Indeed, most of the cases cited by Defendants in support of these arguments addressed access at the summary judgment or post-trial stage after fact discovery had

been completed and an evidentiary record was considered.[3]

With respect to allegations regarding Plaintiff's presence on the internet, Defendants claim that placing copyrighted works on the internet is not enough to establish access. (Mot. at 10.) The cases cited by Defendants (Mot. at 10), however, considered evidence about the website, not just the mere presence of a website. See, e.g., Design Basics, LLC v. Lexington Homes, Inc., 858 F.3d 1093, 1106 (7th Cir. 2017) (the plaintiff "introduced no *evidence* concerning its web traffic, its web search rankings, or the number of times (if any) that the plans at issue have been viewed or downloaded.") (emphasis added); Graphics Inc., Lennar Corp., 708 F.3d 573, 580 (4th Cir. 2013) (holding that the plaintiff "has not marshaled sufficient *evidence* to support a finding that there exists a reasonable possibility that [the defendant] had access to its copyrighted plans") (emphasis added); Art Attack Ink, LLC v. MGA Entertainment, Inc., 581 F.3d 1138, 1145 (9th Cir. 2009) ("[a]lthough we recognize the power of the internet to reach a wide and diverse audience, the *evidence* here is not sufficient to demonstrate wide dissemination") (emphasis added). Plaintiff should be afforded the same opportunity to provide evidence about its internet presence.[4] Therefore, the motion to dismiss the federal copyright claims is denied.

Next, the Court addresses Defendant's argument that the copyright act preempts the

---

[3] One case cited by Defendants (Mot. at 10) which addressed access at the motion to dismiss stage concerned a complaint, filed by a pro se plaintiff, which made the conclusory allegation that his work was "widely disseminated" without providing any additional facts, unlike the instant Amended Complaint. Dixon v. Sony Corp. of Am., No. 12–60160–CIV, 2012 WL 1886550, at * 3 (S.D. Fla. May 23, 2012).

[4] The Court will not address whether mere internet presence can satisfy the access element at this stage. Should Plaintiff only present mere internet presence at summary judgment or trial, the Court will then address this question.

common-law unfair competition claim. "To a state a claim for unfair competition under Florida common law a party must plead (1) deceptive or fraudulent conduct of a competitor and (2) likelihood of consumer confusion." Noveshen v. Bridgewater Assocs., LP, 47 F. Supp. 3d 1367, 1376 (S.D. Fla. 2014). The Copyright Act preempts state law claims if "the rights at issue (1) fall within the subject matter of copyright set forth in sections 102 and 103 and (2) are equivalent to the exclusive rights of section 106." Utopia Provider Systems, Inc. v. Pro-Med Clinical Systems, L.L.C., 596 F.3d 1313, 1325 (11th Cir. 2010) (internal quotation marks omitted). "[I]f an extra element is required instead of or in addition to the acts of reproduction, performance, distribution or display, in order to constitute a state-created cause of action, then the right does not lie within the general scope of copyright and there is no preemption." Foley v. Luster, 249 F.3d 1281, 1285 (11th Cir. 2001) (citing Computer Assoc. Int'l, Inc. v. Altai, Inc., 982 F.2d 693, 716 (2d Cir.1992)).

The Amended Complaint alleges that Defendants misappropriated Plaintiff's works and passed them off as their own to usurp the goodwill and reputation of Plaintiff and its distinctive turtle imagery. (Am. Compl. ¶¶114-17.) These allegations are best described as "reverse passing off." Whereas "passing off" occurs when one passes off one's goods as those of another, "reverse passing off" occurs when the defendant sells the plaintiff's product, but calls it his or her own. Law Bulletin Publishing v. LRP Publications, Inc., No. 98–8122–CIV, 1998 WL 1969648, at * 4 (S.D. Fla. June 18, 1998). Generally speaking, courts find that common law reverse passing off claims are preempted by the Copyright Act as such claims are essentially a "disguised copyright infringement claim." 1 Nimmer on Copyright § 1.01 [B][1][e] (2016); see Law Bulletin, 1998 WL 1969648, at * 4; Ediciones Musicales Y Representaciones Internacionales,

S.A. v. San Martin, 582 F. Supp. 2d 1358, 1361 (S.D. Fla. 2008); see also Ho v. Taflove, 648 F.3d 489, 503 n.10 (7th Cir. 2011) (applying principle to fraud claim); R.W. Beck, Inc. v. E3 Consulting, LLC, 577 F.3d 1133, 1148 (10th Cir. 2009) (applying principle to unjust enrichment claim); Kodadek v. MTV Networks, Inc., 152 F.3d 1209, 1213 (9th Cir. 1998) (applying principle to unfair competition claim).

The claim asserted here appears to include elements of both a reverse passing off claim and a passing off claim. To the extent it includes elements of a reverse passing off claim, it is dismissed.[5] (Am. Compl. ¶ 55.) To the extent it seeks to assert a passing off claim, it may proceed. As a result, the Court will grant Plaintiff leave to amend this claim to eliminate any aspect relating to reverse passing off and limiting it to a passing off claim, assuming it can allege a sufficient factual basis for that claim.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Plaintiff's Amended Complaint (DE 24) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff may amend count four **within 14 days of the date of entry of this Order.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 18th day of October, 2017.

_____
KENNETH A. MARRA
United States District Judge

---

[5] Plaintiff does not address the "reverse passing off" issue in its response memorandum.